

**NUMBER 13-11-00635-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**RAYMOND LOUIS SR.,**                                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                 **Appellee.**

**On appeal from the 252nd District Court
of Jefferson County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant Raymond Louis Sr. appeals from his conviction for the offense of evading arrest or detention by the use of a vehicle, a state jail felony. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B) (West 2011). Louis pleaded guilty to the offense, but his adjudication was deferred and he was placed on community supervision for a term of five

years.   Less than a year later, on the State's motion, the trial court determined that Louis had violated the terms of his community supervision and revoked his community supervision.   The trial court adjudicated Louis guilty of the charged offense and sentenced him to two years' confinement in the State Jail Division of the Texas Department of Criminal Justice.

Concluding that Louis's appeal in this case is without merit and frivolous, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal.   We affirm as modified.

## I.  COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Louis's court-appointed appellate counsel has filed a brief with this Court, stating that he has "reviewed the Court's file, reviewed the transcripts, . . . and researched the point[s] of error," and in his professional opinion, "there are no appealable issues for this Court to consider."   *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Louis's counsel has, thus, carefully discussed why, under controlling authority, there are no errors in the trial court's judgment.   Counsel has informed this

Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief, counsel's motion to withdraw, and the record on Louis, and (3) informed Louis of his right to review the record and to file a pro se response.[1]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate period of time has passed, and Louis has not filed a pro se response.  *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  We agree with counsel that the appeal is wholly frivolous and without merit.  *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

The only error in the record is what appears to be a typographical error in the judgment adjudicating guilt. The judgment lists the statute for the offense as section "38.04(a)(1)" of the penal code—no such section exists. At the time of Louis's offense, the statute establishing the state jail felony offense of evading arrest or detention by the use of a vehicle was Texas Penal Code sections 38.04(a) and (b)(1)(B). *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B). Accordingly, because we have the necessary data and evidence for reformation, we modify the trial court's judgment to reflect the correct sections of the penal code—sections 38.04(a) and (b)(1)(B). *See id.*; *see also Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App .1993). We affirm the judgment adjudicating guilt as modified.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Louis's attorney has asked this Court for permission to withdraw as counsel for Louis. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Louis and to advise Louis of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re*

---

[2] No substitute counsel will be appointed. Should Louis wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary

*Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
17th day of May, 2012.

review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.

5